IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| Dennis Alexander | § | |
| Plaintiff, | | |
| vs. | § | CIVIL ACTION NO. |
| Troup Independent School District, Andy Griffin, Melissa Young, Robbie Switzer, Shane Jasper, John Whitsell and Gene Whitsell, individually and in their capacity as Troup Independent School District Board of Trustees, Stuart Bird, individually and in his capacity as Superintendent of Troup Independent School District, | | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### PRELIMINARY STATEMENT

This action seeks declaratory and equitable relief, compensatory and punitive damages, and costs and attorney's fees for the deprivation of his constitutional right to due process suffered by Dennis Alexander due to his discharge, without adequate notice or opportunity to be heard, by the Troup Independent School District, acting through its Superintendent, Stuart Bird, and the Troup Independent School District Board of Trustees.

### PARTIES

1. Plaintiff Dennis Alexander is an individual residing at 1247 CR 4913, in Troup, Smith County, Texas.

2. Defendant Troup Independent School District ("TISD") is an independent school district located in Troup of the State of Texas.

3. Defendant Troup Independent School District Board of Trustees ("TISD Board"), the body corporate of TISD, oversees the management of the district. The TISD Board's principal administrative offices are located at 201 North Carolina, Troup, Texas 75789, located in Smith County, Texas. TISD may be served at that address. The TISD Board is comprised of six (6) members who act in concert.

4. Andy Griffin has served on the TISD Board and has done so since approximately 2008.

5. Melissa Young has served on the TISD Board and has done so since approximately 2002.

6. Robbie Switzer has served on the TISD Board and has done so since approximately 2013.

7. Shane Jasper has served on the TISD Board and has done so since approximately 2014.

8. John Whitsell has served on the TISD Board and has done so since approximately 2015.

9. Gene Whitsell has served on the TISD Board and has done so since approximately 2012.

10. Defendant Stuart Bird is the Superintendent of Defendant TISD, serving as the educational leader and chief executive officer of the Defendant school district.

## VENUE, JURISDICTION, AND CONDITIONS PRECEDENT

11. This action arises under the Fourteenth Amendment to the U.S. Constitution and the Reconstruction Era Civil Rights Acts codified at 42 U.S.C. § 1983.

12. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question) and § 1343 (civil rights).

13. Declaratory, injunctive, and equitable relief is sought pursuant to 28 U.S.C. §§ 2201 and 2202.

14. Compensatory and punitive damages are sought pursuant to 42 U.S.C. § 1983.

15. Costs and attorney's fees may be awarded pursuant to 42 U.S.C. § 1988 and Federal Rule of Civil Procedure 54.

16. This action properly lies in the Eastern District of Texas, Tyler Division, pursuant to 28 U.S.C. § 1391(b) because the events giving rise to these claims all occurred in the Eastern District of Texas.

17. The Plaintiff affirmatively avers that all condition precedents to filing this suit have taken place or else have been waived.

## STATEMENT OF FACTS/ACTIONABLE CONDUCT

18. Plaintiff was employed by TISD as the Athletic Director/Head Football Coach under a term contract dated February 19, 2015 on a 12-month basis for the 2015-2017 school years (the "Term Contract").

19. The Term Contract provides that Alexander may be terminated in accordance with the procedures set forth in the Texas Education Code chapter 21 if good cause exists.

20. The Troup High School football team suffered a losing record for the past two football seasons. The football team was 1 and 5 when the incident at the basis of Alexander's termination occurred.

21. On October 20, 2015, TISD Superintendent Stuart Bird claimed to have received an allegation of misconduct against Alexander from a parent of a football player. The parent and his father are both members of the TISD Board. The allegation of misconduct involved Alexander allegedly slapping a football player in the face with his open hand at a practice held on October 19, 2015. Superintendent Bird took no notes from the initial conversation.

22. On October 21, 2015, two days after the alleged incident, Superintendent Bird began "investigating" the allegation by asking the athletic trainer to interview the football players and coaches that were in close proximity to the incident. Superintendent Bird conducted some interviews. When asked about the incident, Alexander told Superintendent Bird he did not slap anybody. The same day Superintendent Bird verbally suspended Alexander.

23. Another football player interviewed by Superintendent Bird claimed to have been struck by Alexander on the back of the head at the practice. He said it hurt a little and he was embarrassed. However, this second football player was not interviewed until October 22, 2015, after Alexander was suspended.

24. Another coach who was at the practice testified that Alexander did not slap or strike any of the football players. Any contact by Alexander with the boys was not malicious or harmful.

25. Alexander sometimes used profanity on the field at practice but it was nothing unusual for coaches and not directed at the football players or staff.

26. On December 18, 2015, the TISD Board convened a special meeting for the purpose of considering Alexander's employment status. The TISD Board voted to terminate Alexander's contract for good cause.

27. The first written notice Coach Alexander received of the grounds for his suspension was sent on December 18, 2015.

28. Alexander appealed the decision of the TISD and requested a hearing with a certified hearing examiner pursuant to section 21.251 of the Texas Education Code. A hearing was held on February 29, 2016. The Certified Hearing Examiner issued his Recommendation on March 9, 2016 recommending the TISD terminate the employment contract of Alexander.

29. On March 15, 2016, the TISD Board announced its decision to terminate Alexander's employment contract based on good cause. Alexander appealed the decision to the Texas Commissioner of Education and the Commissioner affirmed the TISD Board's decision. Thus, he has fulfilled any requirement to exhaust his administrative remedies prior to filing suit.

30. As a direct and proximate result of his discharge, Plaintiff Dennis Alexander has suffered irreparable harm and loss of professional stature, emotional distress, humiliation, mental anguish, depression, and his salary and benefits.

31. Alexander was being considered for a multi-year contract to coach football at Daingerfield, Texas. The allegations made against him by Defendants resulted in Alexander not being hired nor interviewed.

### FIRST CAUSE OF ACTION
### (Violation of Constitutional Rights
### 42 U.S.C. § 1983, Substantive Due Process)

32. Plaintiff Dennis Alexander incorporates as if realleged paragraphs 1-31.

33. Plaintiff's contract created a property interest both in its protection against discharge without just cause and in the completion of its term.

34. The suspension and ultimate termination of Plaintiff constituted an arbitrary and irrational deprivation of that property interest.

35. The TISD Board and Superintendent Bird constitute the final policymakers for the school district in employment matters.

36. The deliberate choices of the Board and Superintendent Bird constitute official policy of the school district.

37. Those deliberate choices resulted in the termination of Plaintiff's employment.

38. As a proximate result of Defendants' conduct, Plaintiff has suffered, and will continue to suffer, general damages, including physical pain and suffering, mental and

emotional pain and suffering, humiliation, fear, anxiety, and loss of personal and professional reputation in an amount according to proof.

39. As a further and proximate result of Defendants' conduct, Plaintiff has suffered, and will continue to suffer special damages, including lost wages and benefits, loss of future earnings, retirement earnings, other employment benefits, out-of pockets expenses, and other economic losses.

40. Defendant violated Plaintiff's rights intentionally, maliciously, and with conscious disregard of Plaintiff's rights. Therefore, Plaintiff is entitled to recover punitive damages from the individual Defendants in an amount according to proof.

41. By reason of the described conduct, the Defendants are liable to Plaintiff under 42 U.S.C. § 1983 for injuries suffered by Plaintiff, in that their conduct deprived Plaintiff of rights, privileges, and immunities granted Plaintiff by the U.S. Constitution.

## SECOND CAUSE OF ACTION
### (Violation of Constitutional Rights
### 42 U.S.C. § 1983, Procedural Due Process)

42. Plaintiff, Dennis Alexander, incorporates as if realleged paragraphs 1-31.

43. The District's policies under which the Plaintiff was terminated are unconstitutionally vague and overbroad.

44. Nevertheless, the investigation, suspension, and termination of the Plaintiff did not even comply with the District's own personnel policies.

45. The Plaintiff was suspended and ultimately terminated without clear and adequate notice so as to afford the Plaintiff the opportunity to prepare his defense.

46. The Plaintiff was suspended and ultimately terminated without a prompt hearing or opportunity to be heard.

47. The TISD Board and Superintendent Bird constitute the final policymakers for the school district in employment matters.

48. The deliberate choices of the Board and Superintendent Bird constitute official policy of the school district.

49. Those deliberate choices resulted in the termination of Plaintiff's employment.

50. Defendants' termination of Plaintiff deprived him of a property interest without procedural due process as required by the U.S. Constitution.

51. As a proximate result of Defendants' conduct, Plaintiff has suffered, and will continue to suffer, general damages, including physical pain and suffering, mental and emotional pain and suffering, humiliation, fear, anxiety, and loss of personal and professional reputation in an amount according to proof.

52. As a further and proximate result of Defendants' conduct, Plaintiff has suffered, and will continue to suffer, special damages, including lost wages and benefits, loss of future earnings, retirement earnings, other employment benefits, out-of pockets expenses, and other economic losses.

53. As more fully described above, Defendants violated Plaintiff's rights intentionally, maliciously, and with conscious disregard of Plaintiff's rights. Therefore, Plaintiff is entitled to recover punitive damages from the individual Defendants in an amount according to proof.

54. By reason of the described conduct, the Defendants are liable to Plaintiff under 42 U.S.C.A. § 1983 for injuries suffered by Plaintiff, in that their conduct deprived Plaintiff of rights, privileges, and immunities granted Plaintiff by the U.S. Constitution.

55. The Plaintiff's good name, reputation, honor, and integrity were called into question by the actions of the Defendants. In such circumstances, notice and an opportunity to be heard are essential.

56. The Defendants imposed upon Plaintiff a stigma that foreclosed his freedom to take advantage of other employment opportunities, thus depriving him of a liberty protected by the Fourteenth Amendment.

## DAMAGES

WHEREFORE, PREMISES CONSIDERED, Plaintiff hereby prays that this Court

(a) declare Defendants' conduct to be in violation of Plaintiff's rights;

(b) reinstate Plaintiff to the position of Athletic Director/Head Football Coach;

(c) award the equitable remedy of back pay until reinstatement;

(d) award compensatory damages to him of $580,000.00;

(e) award punitive damages to him of $580,000.00;

(f) award him costs and attorney's fees; and

(g) grant such other relief as it may deem just and proper

## JURY DEMAND

Plaintiff Dennis Alexander demands a jury to try all claims triable by a jury.

                Respectfully submitted,

                **ADKISON LAW FIRM**
                300 West Main
                Henderson, Texas 75653
                Telephone: (903) 657-8545
                Telecopier: (903) 657-6108
                nancy@adkisonlawfirm.com


By: <u>s/ Ron Adkison</u>
     Ron Adkison
     State Bar No. 00921090
     ATTORNEY FOR PLAINTIFF