IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| DENNIS ALEXANDER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | |
| TROUP INDEPENDENT SCHOOL DISTRICT, ANDY GRIFFIN, MELISSA YOUNG, ROBBIE SWITZER, SHANE JASPER, JOHN WHITSELL AND GENE WHITSELL, INDIVIDUALLY AND IN THEIR CAPACITIES AS TROUP INDEPENDENT SCHOOL DISTRICT TRUSTEES, AND STUART BIRD, INDIVIDUALLY AND IN HIS CAPACITY AS SUPERINTENDENT OF TROUP INDEPENDENT SCHOOL DISTRICT, | § § § § § § § § § § § | C. A. No. 6:16-CV-01276<br><br>JURY TRIAL DEMANDED |
| Defendants. | § | |

**ORIGINAL ANSWER OF TROUP INDEPENDENT SCHOOL DISTRICT, ANDY GRIFFIN, MELISSA YOUNG, ROBBIE SWITZER, SHANE JASPER, JOHN WHITSELL, GENE WHITSELL, AND STUART BIRD**

TO THE HONORABLE COURT:

Defendant, Troup Independent School District, a governmental entity and political subdivision of the State of Texas, on behalf of its Board of Trustees and its Superintendent in their respective official capacities, and the named individual Defendants in their individual capacities, make the following response to the allegations contained within the Plaintiff's Original Complaint and respectfully would show this Court the following:

Defendants acknowledge that Plaintiff brings this lawsuit seeking relief and damages in varying forms, claiming deprivation of his right to due process. Defendants deny that they deprived Plaintiff of due process or any other constitutional right. Defendants answer Plaintiff's allegations as numbered in his Original Complaint (the "Complaint") in kind, as follows:

1. With respect to the allegations in paragraph 1 of the Complaint, Defendants are without personal knowledge as to Plaintiff's current place of residence. Consequently, Defendants can neither admit nor deny the allegations of paragraph 1.

2. Defendant Troup Independent School District ("Troup ISD" or the "District") admits that it is an independent school district and political subdivision of the State of Texas.

3. Defendant Troup ISD admits that it is governed by its Board of Trustees (the "Board") and that its main administrative office is located at 201 North Carolina, Troup, Texas, 75789. Defendant Troup ISD denies that its Board comprises six (6) members. Rather, the Board comprises seven (7) members, but at all times relevant to this matter, one Board position has been vacant. Defendants deny that Board members "act in concert" as alleged.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. To the extent that paragraph 11 states a legal conclusion, no response is required. To

the extent a response is required, Defendants acknowledge that Plaintiff styles his case as arising pursuant to the Fourteenth Amendment to the U. S. Constitution and 42 U. S. C. 1983 ("Section 1983").

12. Paragraph 12 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 12.

13. Defendants admit the factual allegations made in paragraph 13, but deny that any relief is warranted.

14. Defendants admit the factual allegations made in paragraph 14, but deny that any relief is warranted.

15. Paragraph 15 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 15.

16. Admitted.

17. Defendants deny the allegations of paragraph 17.

18. Defendants admit that Plaintiff was employed by the District as its Athletic Director and Head Football Coach under a contract as required by Chapter 21 of the Texas Education Code. Defendants deny all other allegations of paragraph 18.

19. Admitted.

20. Defendants admit that the District's football team performed poorly under Plaintiff's leadership.

21. Admitted.

22. Defendants admit that Superintendent Stuart Bird led the investigation regarding Plaintiff's actions, conducted interviews as part of that investigation, and placed Plaintiff on paid

administrative leave with all benefits. Defendants deny the remaining allegations of paragraph 22.

23. Admitted.

24. Defendants deny the allegations of paragraph 24 of the Complaint.

25. Defendants admit that Plaintiff used profanity during his professional duties. Defendants deny the remaining allegations of paragraph 25.

26. Defendants admit that the District Board of Trustees met on December 18, 2015, at a duly called and posted public meeting. Defendants deny that the Board voted to terminate Alexander's contract for good cause at that meeting.

27. Defendants admit that Plaintiff's first written notice detailing his misconduct was dispatched following the December 18, 2015 meeting, but deny that it was related to the grounds for his suspension. Defendants admit that the notice was the proposal of termination of his employment contract, including a listing of the items potentially constituting good cause under Texas Education Code Chapter 21.

28. Defendants deny that Alexander "appealed the decision of the TISD and requested a hearing with a certified hearing examiner" because it reflects a fundamental misunderstanding of the procedures outlined by Texas Education Code Chapter 21. Defendants admit that Alexander requested a hearing conducted by a hearing officer after the Troup ISD Board proposed his termination, and admit the remaining allegations and facts in this paragraph.

29. Defendants admit that the Board met on March 15, 2016 and adopted the findings of fact, conclusions of law, and recommendation of the Hearing Examiner that Alexander's employment be terminated for good cause. Defendants admit that Alexander appealed that decision to the Texas Commissioner of Education, who found in the District's favor and affirmed the

decision. Defendants deny that Alexander has exhausted his administrative remedies prior to filing this action.

30. Defendants deny the allegations of paragraph 30.

31. Defendants have no personal knowledge of any employment opportunities which Plaintiff has sought following his termination by Troup ISD, and no Defendants have been contacted by any potential employers regarding Alexander. Defendants deny that their actions have had any undue impact on his alleged job search.

32. The paragraph does not require admission or denial by Defendants.

33. Admitted.

34. Defendants deny the allegations of paragraph 34.

35. The District admits that its Board is the final policymaker for the District, when acting as a body corporate in a duly called and official meeting. The District denies all other allegations of paragraph 35.

36. Defendants deny the allegations of paragraph 36.

37. The District admits that a unanimous vote of its non-recused trustees (Defendants Griffin, Jasper, Switzer, and Young) to adopt the Hearing Examiner's recommendation resulted in Alexander's termination for good cause. Defendants deny all other allegations of paragraph 37.

38. To the extent that paragraph 38 states a legal conclusion, no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 38.

39. To the extent that paragraph 39 states a legal conclusion, no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 39.

40. Defendants deny the allegations of paragraph 40.

41. Paragraph 41 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 41.

42. The paragraph does not require admission or denial by Defendants.

43. Defendants deny the allegations of paragraph 43.

44. Defendants deny the allegations of paragraph 44.

45. Defendants deny the allegations of paragraph 45.

46. Defendants deny the allegations of paragraph 46.

47. The District admits that its Board is the final policymaker for the District, when acting as a body corporate in a duly called and official meeting. The District denies all other allegations of paragraph 47, being wholly duplicative of paragraph 35.

48. Defendants deny the allegations of paragraph 48.

49. The District admits that a unanimous vote of its non-recused trustees (Defendants Griffin, Jasper, Switzer, and Young) to adopt the Hearing Examiner's recommendation resulted in Alexander's termination for good cause. Defendants deny all other allegations of paragraph 49.

50. Defendants deny the allegations of paragraph 50.

51. To the extent that paragraph 51 states a legal conclusion, no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 51.

52. To the extent that paragraph 52 states a legal conclusion, no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 52.

53. Defendants deny the allegations of paragraph 53.

54. Paragraph 54 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 54.

55. Defendants deny the allegations of paragraph 55. To the extent that Plaintiff possessed any of the listed qualities and to the extent that those characteristics have been questioned, such was the direct result of Plaintiff's own actions, behavior, and demeanor. Defendants specifically deny that Plaintiff was not provided with adequate notice and that he was not afforded an opportunity to be heard.

56. Defendants deny the allegations of paragraph 56.

## FIRST AFFIRMATIVE DEFENSE

57. Plaintiff fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

58. Plaintiff failed to exhaust administrative remedies prior to bringing this suit.

## THIRD AFFIRMATIVE DEFENSE

59. As a governmental entity, the Troup Independent School District is protected from Plaintiff's claims by the doctrine of governmental immunity.

## FOURTH AFFIRMATIVE DEFENSE

60. The individuals named as Defendants are entitled to judicial, quasi-judicial, and/or qualified immunity.

## FIFTH AFFIRMATIVE DEFENSE

61. As a governmental entity, the Troup Independent School District is immune to judgment for punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Defendants deny that Alexander is entitled to any of the relief demanded in paragraphs (a) through (g) of his Prayer for Relief in the Complaint. Defendants pray that this Court

enter judgment finding, declaring, and adjudging in favor of Defendants and against Alexander, and dismissing with prejudice all claims of Alexander.

> Respectfully submitted,
>
> HARDY COOK & HARDY, P.C.
>
> By: _/s/ John M. Hardy_
> John M. Hardy
> State Bar No. 24059897
> jmh@hardylaw.com
> John C. Hardy
> State Bar No. 08992500
> john@hardylaw.com
> Randall J. Cook
> State Bar No. 04744660
> randy@hardylaw.com
> 2080 Three Lakes Parkway
> Tyler, Texas 75703
> (903) 561-8400
> (903) 561-8228 (fax)
>
> ***Attorneys For Defendants***

### CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of December, 2016, I have filed the Defendants' Original Answer using the CM/ECF system of the United States District Court, Eastern District of Texas, which will cause a copy of the foregoing document to be electronically served upon all counsel of record who are deemed to have consented to electronic service pursuant to Local Rule CV-5(a)(3).

_/s/ John M. Hardy_
Attorney for Defendants